UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DARRYCK NORRIS | No. 3:17-cr-106 (SRU)<br><br>No. 3:18-cr-243 (SRU) |

### ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER FIRST STEP ACT (COMPASSIONATE RELEASE)

Darryck Norris ("Norris") has moved for a sentence reduction to time served under the First Step Act, based on "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* First Step Act Motion ("FSA Mot."), Doc. No. 114. Norris has filed an identical motion in both of his criminal cases. *See* Case No. 17cr106, Doc. No. 114; Case No. 18-cr-243, Doc. No. 33. On April 16, 2020, I held a telephonic status conference to discuss the motion, at which the government noted that it does not object to the motion.

Accordingly, for the reasons set forth in the memorandum in support of the motion (doc. no. 115), I **grant** Norris's motions and reduce his sentence to time served. He shall be immediately released from Bureau of Prisons ("BOP") custody.

**I.  Discussion**

Norris moves for release under section 3582(c)(1)(A) of Title 18 of the United States Code. As amended by the First Step Act, section 3582(c)(1)(A) authorizes the court to modify terms of imprisonment as follows:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that

> they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Therefore, Norris is entitled to relief if he has (1) fully exhausted his administrative remedies and (2) can demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. Here, there is no dispute that Norris has fully exhausted his administrative remedies. On April 9, 2020, Norris submitted a request for compassionate release to the Warden at Ray Brook FCI. *See* Mem. in Supp. of FSA Mot., Doc. No. 115, at 3. Norris also submitted his own requests to the Warden for compassionate release and under the CARES Act. *See id.* Norris's requests were denied on the mistaken belief that he has an underlying state detainer. *Id*. at 4. As a result, Norris exhausted his administrative remedies and no further remedy is available within the BOP.

Norris has also demonstrated that "extraordinary and compelling reasons" warrant a reduction of his sentence. Since the outbreak of the COVID-19 pandemic, numerous courts within this Circuit have held that a defendant's pre-existing health conditions in combination with the increased risks of COVID-19 in prisons constitute "extraordinary and compelling reasons" warranting relief. *See, e.g., United States v. McCarthy*, 2020 WL 1698732, *5 (D. Conn. Apr. 8, 2020) ("McCarthy is 65 years old and suffers from COPD, asthma, and other lung-related ailments . . . . The defendant's age and medical condition, taken in concert taken in concert with the COVID-19 public health crisis, constitute an extraordinary and compelling reason to reduce McCarthy's sentence.").

As set forth in his motion, Norris suffers from asthma and uses an Albuterol inhaler to treat his symptoms. *See* Mem. in Supp. of FSA Mot., Doc. No. 115, at 31. Health officials have

recognized that individuals with chronic respiratory disease are deemed at greater risk of COVID-19. *See id*. at 31–32. Due to his incarceration, Norris is unable to properly safeguard against infection. *Id*. Therefore, for the reasons set forth in his motion, I conclude that his medical condition and current conditions of confinement constitute extraordinary and compelling reasons to reduce his sentence

Lastly, I note that counsel for the government advised the Court at the April 16, 2020 status conference that the victims were notified of Norris's motion and do not object to his request.

**II.     Conclusion**

For the foregoing reasons, Norris's motions (doc. no 114, case no. 17-cr-106 and doc. no. 33, case no. 18-cr-243) are **granted**. Norris sentence is reduced to time served pursuant to section 3582(c)(1)(A) of Title 18 of the United States Code, and he shall be immediately released from BOP custody.

Upon release, Norris shall self-quarantine for fourteen (14) days. He shall also contact his physician to determine whether he is a candidate for testing for COVID-19. If his medical provider determines that he needs to be tested, he must comply with that testing. If the test is positive, he shall promptly report the result to the Bureau of Prisons.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of April 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge